UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

```
_____x
    INTERPAGE CO, INC.,             )      ECF CASE
                                    )      CV-02476 (FB)(VVP)
               Plaintiff(s)         )
         v.                         )
                                    )      ANSWER
    NATAR FOODS, INC.               )
    and SWIG GROUP, INC.,           )
                                    )
               Defendant(s)         )
_____x
```

## JURISDICTION

Defendants, Natar Foods, Inc., and Swig Group, Inc, by its attorneys, Bodner &

O'Rourke, hereby Answers Plaintiff's Complaint as follows:

**Paragraph No. 1**:

> "This is an action for infringement under the Lanham Trademark
> Act (15 U.S.C. § 1051, et seq.), and particularly under sections
> 1125(a) and (c) and 1114(1) of that act, and under the laws of the
> State of New York and under its common law as hereinafter more
> fully appears."

**Answer to Paragraph No. 1**:

Defendants admit that this action is denominated as one for infringement of the Lanham

Act under the laws of the State of New York and its common law. Defendants deny the

remaining allegations of Paragraph No. 1.

**Paragraph No. 2**:

> "This court has jurisdiction under 15 U.S.C. § 1121, 28 U.S.C. § §
> 1331, 1338(a), 1338(b) and 1367(a). The claims asserted herein
> arose in this judicial district, and Plaintiff and Defendants do
> business in this judicial district, and the products at issue are
> available for sale in this judicial district."

**Answer to Paragraph No. 2:**

Defendants admit to the allegations of Paragraph No. 2.

## PARTIES

**Paragraph No. 3:**

> "Plaintiff Interpage Co, Inc., d/b/a Interpage International ("Interpage") is a corporation located at 14A 53rd Street, Brooklyn, New York 11235 which is engaged in the incorporation, marketing and distribution of food products."

**Answer to Paragraph No. 3:**

Defendants lack knowledge or information concerning the allegations of Paragraph No. 3 and therefore deny the same.

**Paragraph No. 4:**

> "Upon information and belief Natar Foods, Inc. ("Natar") is a New York Corporation doing business at 17 53rd Street., Brooklyn, New York 11232."

**Answer to Paragraph No. 4:**

Defendants admit the allegations of Paragraph No. 4.

**Paragraph No. 5:**

> "Upon information and belief, Defendant Swig Group Inc. ("Swig") is a New York Corporation located at 2670 Stillwell Ave., Brooklyn, New York 11224 and 153 Winston Drive, Matawan, NJ 07747."

**Answer to Paragraph No. 5:**

Defendants admit the allegations of Paragraph No. 5.

CLAIM OF TRADEMARK RIGHTS

**Paragraph No. 6:**

"Plaintiff Interpage is the exclusive Licensee and distributor in the United States of food products from the Ukraine bearing the ROSHEN™ trademark (the "ROSHEN™ Mark") has been the exclusive license and distributor of such products (the "ROSHEN™ Products") since May 1, 2008."

**Answer to Paragraph No. 6:**

Defendants lack knowledge or information concerning the allegations of Paragraph No. 6 and therefore deny the same.

**Paragraph No. 7:**

"Plaintiffs became the exclusive licensee and distributor in the United States of ROSHEN™ Products through an exclusive license agreement ( "Exclusive License Agreement" or "Agreement") Executed by Plaintiff and the Ukrainian company that owns the ROSHEN ™ Mark, Konditerska Korporatzia "Roshen" ("Roshen Ukraine"). The exclusive License Agreement was executed on April 10, 2008 and went into effect on May 1, 2008. The Agreement provides in part that Plaintiff has "the Exclusive right to import to the USA" of products under the Roshen™ Mark and the "right to distribute designated products [in] the territory of USA and Canada exclusively...." This exclusive License Agreement is in effect until at least May 1, 2011. (A redated copy of this agreement is attached hereto as **Exhibit A**)."

**Answer to Paragraph No. 7:**

Defendants lack knowledge or information concerning the allegations of Paragraph No. 7 and therefore deny the same.

**Paragraph No. 8:**

'The ROSHEN ™ Mark is generally represented on packages and labels as follows:"

**Answer to Paragraph No. 8:**

Defendants lack knowledge or information concerning the allegations of Paragraph No. 8 and therefore deny the same.

**Paragraph No. 9:**

> "Products sold by Plaintiff under the ROSHEN ™ Mark in the United States include cake products ("ROSHEN ™ Cakes"), cookies, crackers batons, wafers, jellies, biscuit rolls, hard candies, chocolate candy, various candy sold in bulk, and gift boxes of candies, cookies, and crackers. (An example of the packaging and labeling used on ROSHEN ™ Cakes is attached hereto as **Exhibit B**)"

**Answer to Paragraph No. 9:**

Defendants lack knowledge or information concerning the allegations of Paragraph No. 9 and therefore deny the same.

**Paragraph No. 10:**

> "The ROSHEN ™ Products are directed at recognized American market made up of consumers who are emigrants or closely related to emigrants from Eastern Europe, especially the Ukraine nation, for whom the ROSHEN ™ mark has been a familiar brand."

**Answer to Paragraph No. 10:**

Defendants lack knowledge or information concerning the allegations of Paragraph No. 10 and therefore deny the same.

**Paragraph No. 11:**

> "Plaintiff's efforts in promoting, marketing and distributing products under the ROSHEN ™ mark in the United States have been impressive. The ROSHEN ™ Mark has been advertised and used by Plaintiff throughout the United States, and through widespread and favorable public acceptance and recognition, the ROSHEN ™ Mark has become an asset of substantial value to Plaintiff, representing its quality products and its goodwill. In accordance with its quality control obligations under the Exclusive License Agreement, Plaintiff has always used the ROSHEN ™

> Mark only on products of the highest quality. As a result the ROSHEN ™ Mark, in conjunction with the label design and trade dress of the ROSHEN ™ Products, has developed secondary meaning and significance in the minds of the purchasing public. Products bearing the ROSHEN ™ Mark are famous and immediately identified by the purchasing public. This fact has been corroborated by Roshen Ukraine through statements made on its website and in other places acknowledging the United States is now one of the largest, major markets for ROSHEN ™ Products (Examples of such statements are attached hereto as **Exhibit C**)."

**Answer to Paragraph No. 11:**

Defendants lack knowledge or information concerning the allegations of Paragraph No. 11 and therefore deny the same.

## DEFENDANTS' ACTIONS

**Paragraph No. 12:**

> "Upon information and belief, Defendants Natar and Swig have been engaging in unauthorized use of the ROSHEN ™ Mark by holding themselves out and promoting themselves as having ROSHEN ™ Products particularly ROSHEN ™ Cakes, available for sale to stores and other outlets throughout the United States since at least late 2009."

**Answer to Paragraph No. 12:**

Defendants deny the allegations of Paragraph No. 12.

**Paragraph No. 13:**

> "Upon information and belief, Defendants Natar and Swig have been engaging in unauthorized use of the ROSHEN ™ Mark by offering ROSHEN ™ Products, particularly ROSHEN ™ Cakes, for sale since at least late 2009."

**Answer to Paragraph No. 13:**

Defendants deny the allegations of Paragraph No. 13.

**Paragraph No. 14:**

> "Upon information and belief, Defendants Natar and Swig are well aware that Plaintiff is the exclusive distributor in the United States of products bearing the ROSHEN ™ Mark. Plaintiff contacted Defendant Natar to notify it of such on or about December 1, 2009. (A copy of this communication is attached hereto as **Exhibit D**). Plaintiff contacted Defendant Swig to notify it of such on or about December 1, 2009. (A copy of this communication is attached hereto as **Exhibit E**)."

**Answer to Paragraph No. 14:**

Defendants admit that Defendant Swig received a letter attached as Exhibit D to the compliant. Defendants deny the remaining allegations of Paragraph 12.

**Paragraph No. 15:**

> "Upon information and belief, Defendants Natar and Swig continue to this day to engage in unauthorized use of the ROSHEN ™ Mark by holding themselves out and promoting themselves as haven ROSHEN ™ Products, particularly ROSHEN ™ Cakes, available for sale to stores and other outlets throughout the United States."

**Answer to Paragraph No. 15:**

Defendants deny the allegations of Paragraph No. 15.

**Paragraph No. 16:**

> "Upon information and belief, Defendants Natar and Swig continue to engage in unauthorized use of the ROSHEN ™ Mark by offering ROSHEN ™ Products, particularly ROSHEN ™ Cakes, for sale. Defendant Swig has continued to do so even after having assured Plaintiff that it would cease to offer such products upon being contacted by Plaintiff in late 2009."

**Answer to Paragraph No. 16:**

Defendants deny the allegations of Paragraph No. 16.

**Paragraph No. 17:**

"Through their unauthorized use of the ROSHEN ™ Mark in interstate commerce for the purpose of selling products, Defendants Natar and Swig has caused and continue to cause confusion, mistake and deception in the minds of the public."

**Answer to Paragraph No. 17:**

Defendants deny the allegations of Paragraph No. 17.

**Paragraph No. 18:**

"Upon information and belief, as a result of Defendant's actions, Plaintiff has received complaints from its customers that they are being solicited by Defendants to buy infringing ROSHEN ™ Products particularly ROSHEN ™ Cakes, being sold by Defendants. Some of these customers have mistakenly believed that Defendants are affiliated with Plaintiff."

**Answer to Paragraph No. 18:**

Defendants deny the allegations of Paragraph No. 18.

**Paragraph No. 19:**

"Upon information and belief, as a result of Defendants' actions, Plaintiff has received complaints from its customers with respect to the quality of the infringing products being sold by Defendants. Because these infringing products bare the ROSHEM™ Mark, these customers have mistakenly believed that such products have been imported and distributed by Plaintiff, the exclusive licensee and distributor of ROSHEN™ Products.

**Answer to Paragraph No. 19:**

Defendants lack knowledge or information concerning the allegations of Paragraph No. 19 and therefore deny the same.

**Paragraph No. 20:**

"Upon information and belief, the expiration dates of some of the infringing products imported and distributed by Defendants have been altered by Defendants such that products that have in fact expired display later expiration dates and are being sold past the

> actual expiration date. Because these expired infringing products bear the ROSHEN ™ Mark, they have been mistaken by customers for products imported and distributed by Plaintiff, the exclusive licensee and distributor of the ROSHEN ™ Products."

**Answer to Paragraph No. 20:**

Defendants deny the allegations of Paragraph No. 20.

### Count 1
### FEDERAL UNFAIR COMPETITION
### (False designation of Origin in Violation of 15 U.S.C. § 1125(a))

**Paragraph No. 21:**

> "All information stated in above paragraph 1 through 20 is incorporated herein."

**Answer to Paragraph No. 21:**

Defendants repeat and reaver and their responses to Paragraph 1 to 20 as though fully set forth herein.

**Paragraph No. 22:**

> "The ROSHEN ™ Mark has become uniquely associated with and hence identifies Plaintiff's business."

**Answer to Paragraph No. 22:**

Defendants deny the allegations of Paragraph No. 22.

**Paragraph No. 23:**

> "Defendants Natar and Swig's unauthorized use in interstate commerce of the ROSHEN ™ Mark constitutes a false designation of origin or a false representation, which wrongfully and falsely designates Defendants Natar and Swig infringing products as originating from or connected with Plaintiff, and constitutes utilizing false descriptions or representations in interstate commerce."

**Answer to Paragraph No. 23:**

Defendants deny the allegations of Paragraph No. 23.

**Paragraph No. 24:**

"The foregoing unauthorized use of the ROSHEN ™ Mark is use in interstate commerce of a false designation of origin and/or false description or representation, including words or symbols tending falsely to describe or represent the same. Such use has misled, and will continue to mislead, the public into believing that the Defendants Natar and Swig's infringing products originate from Plaintiff's, are licensed by Plaintiff, or are in some way sanctioned by or affiliated with Plaintiff."

**Answer to Paragraph No. 24:**

Defendants deny the allegations of Paragraph No. 24.

**Paragraph No. 25:**

"Upon information and belief, while engaging in unauthorized use of the ROSHEN ™ Mark, Defendants have not been maintaining the quality of the infringing products bearing this mark that they sell and/or offer for sale."

**Answer to Paragraph No. 25:**

Defendants deny the allegations of Paragraph No. 25.

**Paragraph No. 26:**

"Through their unauthorized use of the ROSHEN ™ Mark, Defendants Natar and Swig have violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)."

**Answer to Paragraph No. 26:**

Defendants deny the allegations of Paragraph No. 26.

**Paragraph No. 27:**

"Defendants Natar and Swig's unauthorized association of their infringing Products with Plaintiff has resulted in profits to Defendants and has thereby deprived Plaintiff of revenue to which it is entitled."

**Answer to Paragraph No. 27:**

Defendants deny the allegations of Paragraph No. 27.

**Paragraph No. 28:**

> "By reason of the foregoing, Plaintiff has no adequate remedy at law and continues to suffer irreparable harm and danger as a result of the acts of Defendants Natar and Swig and has suffered financial injury in an amount not yet ascertained."

**Answer to Paragraph No. 28:**

Defendants deny the allegations of Paragraph No. 28.

## COUNT II
## FEDERAL UNFAIR COMPETITION
### (Unfair Competition in Violation of 15 U.S.C. § 1125(a))

**Paragraph No. 29:**

> "All information stated in the above paragraphs 1 through 28 is incorporated herein."

**Answer to Paragraph No. 29:**

Defendants repeat and reaver and their responses to Paragraph 1 to 35 as though fully set.

**Paragraph No. 30:**

> "The ROSHEN ™ Mark is under exclusive license in the United States to Plaintiff."

**Answer to Paragraph No. 30:**

Defendants deny the allegations of Paragraph No. 30.

**Paragraph No. 31:**

> "Defendants Natar ad Swig have engaged in unauthorized use of the ROSHEN ™ Mark by distributing infringing ROSHEN ™ Products in United States and advertising to potential customers in the United States that they are distributors of the ROSHEN ™

> Products. Such Statements are false and misleading representations of fact that are likely to damage Plaintiff's business."

**Answer to Paragraph No. 31:**

Defendants deny the allegations of Paragraph No. 31.

**Paragraph No. 32:**

> "The foregoing unauthorized use of the ROSHEN ™ Mark in interstate commerce creates a false designation or origin and/or false description of representation, including words or symbols tending falsely to describe or represent the same. Such use has misled, and will continue to mislead, the public into believing that Defendants Natar and Swig's infringing products originate from Plaintiff, are licensed by Plaintiff, or are in some way sanctioned by or affiliated with Plaintiff."

**Answer to Paragraph No. 32:**

Defendants deny the allegations of Paragraph No. 32.

**Paragraph No. 33:**

> "By using the ROSHEN ™ Mark, Defendants Natar and Swig have violated Section 43(a) of the Lanham Act 15 U.S.C. § 1125 (a)."

**Answer to Paragraph No. 33:**

Defendants deny the allegations of Paragraph No. 33.

**Paragraph No. 34:**

> "Defendants Natar and Swig's unauthorized association of their infringing products with Plaintiff has resulted in profits to Defendants and has thereby deprived Plaintiff of revenue to which it is entitled."

**Answer to Paragraph No. 34:**

Defendants deny the allegations of Paragraph No. 34.

**Paragraph No. 35:**

"By reason of the foregoing, Plaintiff has no adequate remedy at law and continues to suffer irreparable harm and danger as a result of the acts of Defendants Natar and Swig and has suffered financial injury in an amount not yet ascertained."

**Answer to Paragraph No. 35:**

Defendants deny the allegations of Paragraph No. 35.

## Count III
## COMMON LAW UNFAIR COMPETITION

**Paragraph No. 36:**

"All information stated in above paragraphs 1 through 35 is incorporated herein."

**Answer to Paragraph No. 36:**

Defendants repeat and reaver their responses to Paragraph 1 to 35 as though fully set forth herein.

**Paragraph No. 37:**

"By virtue of the above pleaded actions of Defendants Natar and Swig, Defendants have engaged in unfair competition with Plaintiff under common law of the State of New York."

**Answer to Paragraph No. 37:**

Defendants deny the allegations of Paragraph No. 37.

**Paragraph No. 38:**

"By reason of the foregoing, Plaintiff has no adequate remedy at law and continues to suffer irreparable harm and danger as a result of the acts of Defendants Natar and Swig and has suffered financial injury in an amount not yet ascertained."

**Answer to Paragraph No. 38:**

Defendants deny the allegations of Paragraph No. 38.

## Count IV
## NEW YORK DECEPTIVE PRACTICES VIOLATION

**Paragraph No. 39:**

"All information stated in paragraphs 1 through 38 is incorporated herein."

**Answer to Paragraph No. 39:**

Defendants repeat and reaver their responses to Paragraph 1 to 42 as though fully set forth herein.

**Paragraph No. 40:**

Defendants Natar and Swig, like Plaintiff, are in the business of importing and distributing food products in the United States. Defendants do a considerable amount of business in the United States, to the extent that Defendant's use of the ROSHEN ™ Mark creates a likelihood of confusion.

**Answer to Paragraph No. 40:**

Defendants deny the allegations of Paragraph No. 40.

**Paragraph No. 41:**

"Defendants Natar and Swig, by their acts of misappropriation and infringement of the ROSHEN ™ Mark, have engaged in the assumption, adoption or use of the ROSHEN ™ Mark with the intent to deceive or mislead the public, for advertising purposes or for the purposes of trade of a symbol or simulation thereof, or part of a symbol or simulation thereof, which may deceive or mislead the public into believing that a connection exists between Defendants and Plaintiff, in violation of the New York Uniform Deceptive Trade Practices Act (N.Y. Gen. Bus. L. sec 133)."

**Answer to Paragraph No. 41:**

Defendants deny the allegations of Paragraph No. 41.

**Paragraph No. 42:**

> By reason of the foregoing, Plaintiff has no
> adequate remedy at law and continues to suffer
> irreparable harm and danger as a result of the acts
> of Defendants Natar and Swig and has suffered
> financial injury in an amount not yet ascertained.

**Answer to Paragraph No. 42:**

Defendants deny the allegations of Paragraph No. 42.

**Count V**
**NEW YORK ANTIDILUTION VIOLATION**

**Paragraph No. 43:**

> "All information stated in above paragraphs 1 through 42 is
> incorporated herein."

**Answer to Paragraph No. 43:**

Defendants repeat and reaver their responses to Paragraph 1 to 45 as though fully set

forth herein.

**Paragraph No. 44:**

> "By virtue of the above pleaded actions of Defendants Natar and
> Swig, Defendants are in violation of the New York Antidilution
> Statute (N.Y. Gen Bus. L sec. 368d)."

**Answer to Paragraph No. 44:**

Defendants deny the allegations of Paragraph No. 44.

**Paragraph No. 45:**

> "By reason of the foregoing. Plaintiff has no adequate remedy at
> law and continues to suffer irreparable harm and danger as a result
> of the acts of defendants Natar and Swig and has suffered financial
> injury in an amount not yet ascertained."

**Answer to Paragraph No. 45:**

Defendants deny the allegations of Paragraph No. 45.

### Count IV
### INTENTIONAL INTERFERENCE WITH EXISTING
### AND PROSPECTIVE BUSINESS ADVANTAGE

**Paragraph No. 46:**

"All information stated in above paragraphs 1 through 45 is incorporated herein."

**Answer to Paragraph No. 46:**

Defendants repeat and reaver their responses to Paragraph 1 to 45 as though fully set forth herein.

**Paragraph No. 47:**

"Plaintiff is in the business of importing, marketing and distributing food products from countries in Eastern Europe. Plaintiff distributes such products profitably to distributors and stores and other outlets throughout the United States."

**Answer to Paragraph No. 47:**

Defendants lack knowledge or information concerning the allegations of Paragraph No. 47 and therefore deny the same.

**Paragraph No. 48:**

"Plaintiff has successfully sold such products, including ROSHEN ™ Products, to a growing list of customers with whom Plaintiff has created a business relationships."

**Answer to Paragraph No. 48:**

Defendants lack knowledge or information concerning the allegations of Paragraph No. 48 and therefore deny the same.

**Paragraph No. 49:**

"Upon information and belief, Defendants Natar and Swig have learned the identities of Plaintiff's customers and have contacted them with the intention of diverting business from Plaintiff by offering to sell its customers products bearing the ROSHEN ™ Mark."

**Answer to Paragraph No. 49:**

Defendants deny the allegations of Paragraph No. 49.

**Paragraph No. 50:**

"By reason of such contact and solicitation and with full knowledge of the Exclusive License Agreement, Defendants Natar and Swig have intentionally interfered with Plaintiff's ongoing and potential business relationships."

**Answer to Paragraph No. 50:**

Defendants deny the allegations of Paragraph No. 50.

**Paragraph No. 51:**

"The intentions of Defendants Natar and Swig in taking the aforementioned actions were to disrupt Plaintiff's sales, divert sales to Defendants, and generally confuse and thwart consumers as they look to make contact with Plaintiff."

**Answer to Paragraph No. 51:**

Defendants deny the allegations of Paragraph No. 51.

**Paragraph No. 52:**

"By reason of the foregoing, Plaintiff has no adequate remedy at law and continues to suffer irreparable harm and danger as a result of the acts of defendants Natar and Swig and has suffered financial injury in an amount not yet ascertained."

**Answer to Paragraph No. 52:**

Defendants deny the allegations of Paragraph No. 52.

## AFFIRMATIVE DEFENSES

### AS A FIRST AFFIRMATIVE DEFENSE

1. The Complaint fails to state facts upon which relief can be granted.

### AS A SECOND AFFIRMATIVE DEFENSE

2. Defendants have not directly infringed, indirectly infringed, contributed to or induced infringement of any valid and enforceable trademark owned by plaintiff.

### AS A THIRD AFFIRMATIVE DEFENSE

3. Plaintiffs are not entitled to injunctive relief because any alleged injury to Plaintiffs is not immediate or irreparable, and Plaintiffs would have an adequate remedy at law.

### AS A FOURTH AFFIRMATIVE DEFENSE

4. Plaintiffs are barred by the doctrines of Waiver, Laches, and/or Estoppel.

### AS A FIFTH AFFIRMATIVE DEFENSE

5. Should Defendant be found to infringe the trademark ROSHEN™, such infringement was not willful.

## AS A SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff is not the owner of the ROSHEN™ trademark in the United States. All rights to this trademark belong to Konditerska Korporatzia.

## AS A SEVENTH AFFIRMATIVE DEFENSE

7. Defendants purchased the accused product from Konditerska Korporatzia, the owner of the ROSHEN™ trademark throughout the world. If Plaintiff has an issue with Defendants sale of ROSHEN™ products, it should be directed to Konditerska Korporatzia, the source of the products and the owner of the ROSHEN™ trademark.

WHEREFORE, Defendant prays that this Court enter a judgment:

A. Against Plaintiffs in favor of Defendants;

B. Dismissing Plaintiff's Complaint in its entirety with prejudice and adjudging that Plaintiff is entitled to no relief whatsoever from Defendants;

C. Declaring and finding that Defendant has not infringed the ROSHEN™;

D. Awarding Defendants their costs and attorneys fees; and

E. Awarding Defendants such other and further relief as to the Court deems appropriate.

## JURY DEMAND

Defendant demands a trial by jury as to all issues presented in each counterclaim.

            Respectfully submitted,

            */s/ Thomas A. O'Rourke*
            Thomas A. O'Rourke (TO 7526)
            Bodner & O'Rourke, LLP
            425 Broadhollow Road, Suite 108
            Melville, NY 11747
            (631) 249-7500

            Attorneys for Defendants

19

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Answer to Complaint was served on Plaintiff's counsel at the following address of record by First Class Mail this 20th day of July 2010.

>Charles H. Knull
>Attorneys for Paintiff,
>Interpage Co., Inc.
>Ullman, Sharpio & Ullman LLP
>299 Broadway, Suite 1700
>New York, NY 11007

_____
Thomas A. O'Rourke